UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HAMILCAR BARCA, on behalf of himself
and others similarly situated,

              Plaintiff,

              v.

URBAN STRATEGIES MANAGEMENT
CORP.,

              Defendant.
-------------------------------------------------------x

                          CASE NO. 25 CV 00774

## STIPULATION AS TO CONDITIONAL
## CERTIFICATION OF COLLECTIVE ACTION

      **WHEREAS**, Plaintiff Hamilcar Barca ("Plaintiff") commenced the above-captioned putative class and collective action by way of the filing, on February 11, 2025, of a Complaint, the first cause of action of has been brought as a collective action, pursuant to section 216(b) of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), on behalf of all non-exempt hourly manual workers employed by Defendant Urban Strategies Management Corp. (the "Defendant")[1] within three (3) years of the date of the filing of the Complaint (the "Putative FLSA Collective"), and which alleges a failure on the part of Defendant to pay Plaintiff and the members of the Putative FLSA Collective all overtime to which they were entitled for all hours worked; and

      **WHEREAS**, the Parties, in the interests of judicial economy and resource conservation, have agreed to the conditional certification of a collective action, as well as the dispatch of notice of the pendency thereof, in accordance with the terms and conditions set forth herein;

---

[1] Defendants and Plaintiff shall hereinafter be referred to, collectively, as the "Parties."

**NOW THEREFORE**, the Parties, by and through their respective undersigned counsel, do **HEREBY STIPULATE AND AGREE** as follows:

(A)    The Parties stipulate and consent to the conditional certification of a FLSA collective consisting of all non-exempt hourly maintenance workers and custodians employed by Defendant on or after February 11, 2022;

(B)    The Parties have negotiated and agreed upon forms of FLSA § 216(b) notice (the "Notices") to be transmitted to putative members of the FLSA Collective via USPS First Class Mail, e-mail, and text message, true and correct copies of which are annexed hereto as **Exhibits A** (mail and email), **B** (text notice).  In addition, the Parties have negotiated and agreed upon the contents of the consent to join form (the "Consent") whereby the members of the putative FLSA Collective can opt into the collective action hereby conditionally certified, subject to the Court's approval, a true and correct copy of which is annexed hereto in **Exhibit A**.

(C)    On or before August 8, 2025, Defendant shall furnish to Plaintiff's counsel a list containing the names, last known addresses of residence, last known telephone numbers, last known e-mail addresses, dates of employment, for all members of the FLSA Collective (the "Collective List");

(D)    On or before August 22, 2025, Plaintiff's counsel shall cause copies of the Notice and Consent Form annexed hereto as **Exhibit A**, with stamped return envelopes addressed to Plaintiff's Counsel, to be mailed to all FLSA Collective members via USPS First Class Mail and to be emailed to all FLSA Collective members for whom Defendants have provided an e-mail address.  Plaintiff, alone, shall bear

any and all costs associated with the mailing of the Notice, and return of the Consent:

(E)     On or before August 22, 2025, Plaintiff's counsel shall send, via text message, the Notice annexed hereto as **Exhibit B** to all FLSA Collective members for whom Defendants have provided a phone number.  Embedded within the Notice to be transmitted will be a hyperlink, which, when clicked by the recipient, will direct him/her/them to the Notice and the Consent Form annexed hereto as **Exhibit A**.

(F)     Within two (2) business days of Plaintiff's counsel dispatch of the Notices pursuant to this stipulation, Plaintiff's counsel shall furnish Defendants' counsel with written confirmation of same.

(G)     Members of the FLSA Collective shall be required to submit properly completed Consents to Plaintiff's counsel within forty-five (45) days of the date on which the Notices are disseminated (i.e., October 6, 2025).  Absent Court approval, no Member of the FLSA Collective shall be permitted to opt in to the FLSA portion of this law unless he or she submits a signed Consent to Plaintiff's counsel within forty-five (45) days of the date on which the Notices are disseminated.

(H)     Plaintiff's counsel agrees to file any Consents timely received by them within the 45-day period following the dispatch of the Notices and Consents pursuant to this stipulation.

(I)     The parties shall discuss, in good faith, and within five (5) business days of the close of the 45-day opt-in period to which the Parties have stipulated herein, the scope of written and deposition discovery to be sought and obtained from the

members of the FLSA Collective that timely and successfully opt in to the collective action hereby conditionally certified;

(J)     Defendant reserves its right to move to decertify the conditionally certified collective action and/or to oppose the certification of the collective action up to and through the close of discovery.

Dated:  New York, New York

    July 7, 2025

By:     *Michael DiGiulio*
        _____
        Michael DiGiulio
        JOSEPH & KIRSCHENBAUM LLP
        32 Broadway, Suite 601
        New York, New York 10004
        (212) 688-5640
        *Attorneys for Plaintiff, the FLSA*
        *Collective, and the Putative Class*

By: s/Brian Pete_____
    Brian Pete
    LEWIS BRISBOIS BISGAARD & SMITH
    LLP
    7 World Trade Center
    250 Greenwich St., 11th Fl.
    New York, New York 10007
    (212) 232-1363
    *Attorneys for Defendant*

**IT IS SO ORDERED**.

_____
Honorable Taryn A. Merkl, U.S.M.J.